# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ANDERSON DIVISION

| | |
|---|---|
| **Father Doe and Mother Doe, Individually, and as next of friend for John Doe, (a minor child),** | Case No.: |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| **Whetstone Academy,** | **(Jury Trial Requested)** |
| Defendants. | |

## COMPLAINT

The Plaintiffs by and through her undersigned counsel, complaining of the Defendant would respectfully show unto this Honorable Court:

## PARTIES & BACKGROUND

**Plaintiffs Father Doe, Mother Doe, and John Doe.**

1. That Plaintiffs, Father Doe, Mother Doe, and John Doe, (hereinafter "Plaintiffs"), are citizens and residents of the State of Alabama at all times relevant herein. That John Doe, is the minor child of Father Doe and Mother Doe. That Plaintiffs Father Doe and Mother Doe bring this action individually, and as next of friend for John Doe, their minor child.

**Defendant Whetstone Academy**

2. That upon information and belief, Defendant Whetstone Academy, (hereinafter "Defendant"), is a corporation organized and existing under the laws of one of the States of the United States and transacts business, contracts to supply goods,

1

regularly does and solicits business, and derives substantial revenue in the County of Oconee, State of South Carolina.

3. That Defendant advertises on their website that they are CARF and AdvancED accredited therapeutic boarding school that serves students in grades five through nine. That Defendant further advertises on their website that their vision is to provide a safe and dynamic setting where they can develop the needed tools to have effective skills and strategies for life by focusing on behavioral, academic, social, and emotional skills.

4. That at all relevant times, John Doe, was a student at Defendant Whetstone Academy, and Defendant owed a common law duty to protect the minor child from harm, including sexual assault, while he was under their care.

## JURISDICTION AND VENUE

5. This court has original jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiffs and Defendant and the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. §1332.

6. Venue in this action properly lies in this district pursuant to 28 U.S.C. §1391 because Defendant is considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

7. That Plaintiffs incorporate herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

2

8. That John Doe, at the time of the allegations referenced herein, was a student at Whetstone Academy.

9. That John Doe, identifies with an Autism Spectrum Disorder.

10. That from on or about October of 2018, through January of 2020, Defendant's agents, employees, and/or servants frequently sexually assaulted John Doe, while they were on duty and on the premises of Whetstone Academy.

11. That upon information and belief, and at all times relevant herein, Defendant had the ability to control or should have known they had the ability to control their agents, employees, and/or servants, making them liable for their acts and conduct.

12. That upon information and belief, and at all times herein, Defendant knew or should have known of the necessity and opportunity to exercise control of their agents, employees, and/or servants, making them liable for their acts and conduct.

13. That upon information and belief, Defendant possessed actual knowledge of their agents, employees, and/or servants propensity to sexually assault students under their care, including John Doe, yet failed to take any action against their agents, employees, and/or servants, allowing them to rape and sexually assault students under their care, including Plaintiff.

14. That Defendant was under a duty to prevent their agents, employees, and/or servants from harming students under their care, including Plaintiff, and/or conducting themselves in a manner that created an unreasonable risk of harm to students under their care, including Plaintiff.

15. Notwithstanding the allegations of rape, sexual assault, and improper sexual conduct of Defendant's agents, employees, and/or servants, Defendant continued

to employ and retained said agents, employees, and/or servants who they knew posed a risk of harm to students under their care and took no measures to ensure that they were not allowed to interact students, including John Doe.

16. That as a proximate and actual result of Defendant's negligent, outrageous, carelessness, recklessness, wantonness, and gross negligent conduct, Plaintiffs, suffered and will in the future suffer severe and pain, permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which will in the future require psychological and psychiatric medical care and treatment, and has caused and will in the future cause Plaintiffs to incur medical costs.

17. That as a direct and proximate cause of the aforementioned incident, Plaintiffs suffered emotional injuries from which he has suffered and will continue to suffer great physical pain, mental anguish and has caused them to lose the enjoyment of their lives.

**FOR A FIRST CAUSE OF ACTION**
**NEGLIGENCE/GROSS NEGLIGENCE AND/OR RECKLESSNESS**

18. That Plaintiffs incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

19. That Defendant owed/owe a clear duty to John Doe, and other students while on school property.

20. That Defendant acting through their agents and servants were negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

   a) In failing to properly train, supervise, and monitor its staff;

4

b) In failing to provide a safe school for children, including John Doe;

c) In hiring and retaining employees/administrators that was not fit to care for children, including John Doe;

d) In failing to take reasonable precautions and safety measures for its students;

e) In failing to properly hire, train, and/or supervise its employees;

f) In failing to have adequate policies and procedures in place to protect the students at Whetstone Academy, including John Doe;

g) In failing to act as a reasonably prudent entity would act under the same or similar circumstances;

h) In failing to protect the minor Plaintiff;

i) In failing to enforce their own internal rules, policies, procedures, and standards with respect to employee conduct; and

j) In failing to properly notify Plaintiffs of the incidents of rape and sexual assault;

k) In negligently permitting employees to sexually assault and rape students, including John Doe; and

l) In any other such manner that Plaintiffs may become aware of through discovery and/or at trial.

21. All of which were the direct and proximate cause of the damages suffered by the Plaintiffs herein, said acts being in violation of the statutes and laws of the State of South Carolina.

22. That as a direct and proximate result of Defendant's negligence, gross negligence, carelessness and/or recklessness, Plaintiffs were harmed and sustained serve and permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which required and will in the future require psychological and psychiatric medical care and treatment.

5

23. That as a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiffs have and will likely, in the future, be caused to incur medical expenses.

24. That Plaintiffs are informed and believe that they are entitled to actual damages in an amount that would adequately compensate them for their injuries and damages.

## FOR A SECOND CAUSE OF ACTION
### Negligent Supervision/ Negligent Hiring/Negligent Training/Negligent Retention

25. That Plaintiffs incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

26. That Plaintiffs are informed and believe that Defendant through the negligent, reckless, wanton, outrageous, and grossly negligent conduct of its agents, employees, and/or servants are further negligent, willful, careless, reckless, and grossly negligent in one or more of the following particulars.

   a) In failing to exercise the degree of care that a reasonably prudent school would have exercised under the same or similar circumstances;

   b) In failing to conduct a proper and adequate background search or review of its employees before and after hiring;

   c) In failing to monitor the conduct of its employees and to take appropriate steps to discipline and/or terminate them subsequent to the commissions of negligent, outrageous, willful, wanton, reckless, grossly negligent and/or unlawful acts;

   d) In failing to properly supervise its employees;

   e) In failing to have in place adequate policies and procedures to monitor its employees, and if such policies and procedures were in place, in failing to enforce them;

    f) In failing to have in place adequate policies and procedures to mandate compliance by its employees with state guidelines, statutes, laws, and regulations, and if such policies and procedures were in place, in failing to enforce them;

    g) In any other such manner that Plaintiffs may become aware of through discovery and/or at trial.

27. That all of which were the direct and proximate cause of the damages suffered by the Plaintiffs herein, said acts being in violation of the laws of the State of South Carolina.

28. That Plaintiffs have suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

29. That Plaintiffs are informed and believe that they are entitled to actual damages in an amount which would adequately compensate them for their injuries and damages.

## FOR A THIRD CAUSE OF ACTION
### Loss of Personal Services

30. That Plaintiffs incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

31. That Plaintiffs Father Doe and Mother Doe are the natural parents and guardians of John Doe.

32. That as a direct and proximate result of the aforementioned acts on behalf of Defendant, Father Doe and Mother Doe have been injured and damaged in Actual and Consequential Damages as follows:

    i. pre-trial medical expenses; and

      ii.    post-trial and future medical expenses until John Doe's age of majority.

33. That as a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiffs Father Doe and Mother Doe lost the services of their minor child which damaged, Father Doe and Mother Doe. That Father Doe and Mother Doe's child is now exposed to an increased risk of future harms for which Father Doe and Mother Doe must remain vigilant as to protect their minor son.

34. That Plaintiffs are informed and believes that they are entitled to actual damages in an amount which would adequately compensate them for their injuries and damages, as well as reasonable punitive damages as may be determined by the trier in fact.

**WHEREFORE,** Plaintiffs prays for judgment against Defendant for ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES, costs, and reasonable attorney fees. Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America.

                                Respectfully submitted,

                                <u>s/Tyler D. Bailey</u>
                                Federal ID #12294
                                BAILEY LAW FIRM, L.L.C.
                                Attorney for Plaintiff
                                1921 Henderson Street (29201)
                                P.O. Box 532
                                Columbia, South Carolina 29202
                                Telephone: (803) 667-9716
                                Fax: 1-803-526-7642
                                Email: tyler@baileylawfirmsc.com

Anderson, South Carolina